UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| LINDA TALIAFERRO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:24-cv-00454 |
| HCA, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Linda Taliaferro filed a pro se Amended Complaint against Cindy Beltrey, Mark Edwards, and Le-Ann King under Title VII of the Civil Rights Act of 1964. (Doc. No. 6). The Court must conduct an initial review and dismiss the in forma pauperis Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

The Court applies the standard for Rule 12(b)(6), Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to Taliaferro and taking all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do," id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)), and Taliaferro may not rely on

unwarranted factual inferences or legal conclusions couched as factual allegations. Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007); DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

As an initial matter, Plaintiff sues three employees of HCA Centennial Head and Neck Surgery ("HCA"). These individual Defendants, however, as a matter of law cannot be held personally liable for violations of Title VII. Austin v. Alexander, 439 F. Supp. 3d 1019, 1024 (M.D. Tenn. 2020) (citing Griffin v. Finkbeiner, 689 F.3d 584, 600 (6th Cir. 2012)); Little v. BP Expl. & Oil Co., 265 F.3d 357, 362 (6th Cir. 2001) (citing Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997)). Accordingly, Beltrey, Edwards, and King are **DISMISSED** from this action.

The Court liberally construes the Complaint to bring a claim against Plaintiff's former employer, HCA. (See Doc. No. 6 at 3). Title VII provides in pertinent part:

> It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). Title VII creates a cause of action based on a racially hostile work environment when the workplace is so permeated with discriminatory intimidation, ridicule, and insult that it is sufficiently pervasive to alter the conditions of the worker's employment. Harris v. Forklift Sys. Inc., 510 U.S. 17, 21 (1993). To establish a hostile work environment claim, Taliaferro must plausibly allege (1) membership in a protected class; (2) unwelcome harassment based on race; (3) the harassment was sufficiently severe or pervasive, and (4) that the harassment altered the conditions of the work place. Id.; Phillips v. UAW Int'l, 854 F.3d 323, 327 (6th Cir. 2017). Title VII also makes it unlawful to retaliate against employees for engaging in protected

2

conduct – that is, opposing any practice made unlawful by Title VII, or making a charge or testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under Title VII. 28 U.S.C. § 2000e-3(a). For a retaliation claim, Taliaferro must plausibly allege that: (1) she engaged in protected conduct under Title VII; (2) her employer had knowledge of the protected activity; (3) the employer thereafter took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013)

Here, Taliaferro alleges that she suffered racist comments, bullying, and intimidation in the workplace that resulted in mental, emotional[ ], and physical[ ] damages; she engaged in protected conduct by making formal complaints about this unfair treatment; and, in return, HCA suspended and then terminated her. (Doc. No. 6 at 4-5). Although Plaintiff's allegations are somewhat cursory, they suggest "an adequate factual basis" for colorable Title VII hostile work environment and retaliation claims. *See Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012) ("[T]he pleading requirements for Title VII claims are no different than those for other claims[.]") Accordingly, Taliaferro's Title VII claims against HCA will be allowed to proceed.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude HCA from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12. The Clerk is INSTRUCTED to send Taliaferro a service packet (blank summons and USM 285 form) for HCA. Taliaferro MUST complete the service packet and return it to the Clerk's Office within 30 DAYS of the date of this order. Upon return of the completed service packet, PROCESS SHALL ISSUE.

This action is REFERRED to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4

Case 3:24-cv-00454    Document 7    Filed 06/25/24    Page 4 of 4 PageID #: 43