IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LINDA TALIAFERRO ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00454 |
| ) | |
| CENTENNIAL SURGICAL CLINIC, LLC ) | |

TO: Honorable Waverly D. Crenshaw, Jr., United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered June 25, 2024 (Docket Entry No. 7), this *pro se* and *in forma pauperis* employment discrimination case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the renewed motion to dismiss (Docket Entry No. 18) filed by Defendant Centennial Surgical Clinic, LLC. The motion is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

On April 16, 2024, Linda Taliaferro ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis*. Upon preliminary review, the Court found that her complaint failed to meet basic pleading standards but permitted her to file an amended complaint that more clearly identified her legal claims and supporting allegations. (Docket Entry No. 5.)

Plaintiff thereafter filed an amended complaint, specifically bringing claims for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), based on allegations of racial discrimination and retaliation at her former workplace, Centennial

Surgical Clinic ("Centennial" or "Defendant")[1] in Nashville, Tennessee. (Docket Entry No. 6.)

In a form complaint, Plaintiff sets out the following factual allegations:

> On March 20, 2023, I was hired as a medical assistant, by HCA Centennial Head and Neck Surgery. During my time of employment I was subject to harassment including but not limited to racist comment by two employees, bulling, and intimidating behavior towards me. After making complaints about these issues, I was retaliated against. I was asked by Human Resources to voluntarily part way with the company, but I declined to do so. I was then suspended pending a decision of my employment. On August 25, 2023, I was notified by Tera, by phone that as of this day I was being terminated ~~due to~~ for making threats and name calling. I believe I have been discriminated and subjected to retaliation due to my race (African American) in violation of Title VII of the Civil Rights Act of 1964.

(*Id.* at 4-5.)

Upon initial review of the amended complaint under 28 U.S.C § 1915(e)(2), the Court dismissed three individuals who were sued but permitted the lawsuit to proceed against Centennial based upon claims that Plaintiff had suffered a racially hostile workplace and that she was retaliated against after making complaints about her treatment. (Docket Entry No. 7 at 2-3.)

Defendant filed an early motion to dismiss that was denied without prejudice so that proper service of process could be attempted upon Defendant. (Docket Entry No. 14.) After being served with process, Defendant renewed its motion to dismiss in lieu of filing an answer. Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2], arguing that Plaintiff's allegations are not sufficient to support claims for relief. Defendant contends that

---

[1] At different places in her amended complaint, Plaintiff identified her employer as "HCA," "HCA Healthcare," "Centennial Head and Neck Surgery," and "HCA Centennial Head and Neck Surgery." However, in responding to the amended complaint, Defendant noted that its correct name is Centennial Surgical Clinic, LLC, *see* Docket Entry No. 10 at 1, which is how the Court will refer to Defendant.

[2] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

"[e]ven under the most favorable light, Plaintiff's Amended Complaint is missing the necessary factual allegations to address material elements of her Title VII race discrimination and retaliation claims and should accordingly be dismissed." (Docket Entry No. 17 at 5.)

Plaintiff's response to the motion to dismiss consists of a 19-page, single paragraph narrative from Plaintiff that chronicles her time at Centennial. (Docket Entry No. 20.) In the response, Plaintiff requests that the Court not dismiss her complaint, but she does not specifically address the arguments for dismissal made by Defendant. (*Id*.) Instead, she sets out voluminous factual allegations of what she contends was wrongdoing in her workplace, including allegations of racial discrimination, a hostile workplace, sexual harassment, and retaliation. (*Id*.)

Defendant replies that Plaintiff's response does not substantively address any of its legal argument for dismissal of the lawsuit. (Docket Entry No. 21 at 2.)   Defendant contends that:

> Plaintiff has not made any argument in her Response that any of her claims were sufficiently pled in her Amended Complaint. Instead, she merely asserts new factual allegations not present in her Amended Complaint. These new assertions cannot save her claims from being dismissed both because they are not in her pleadings and because they still fail to assert any plausible claim.

(*Id*. at 4.)   Defendant further requests dismissal of the case with prejudice, asserting that any attempt by Plaintiff to cure the deficiencies of her amended complaint by another amendment would be futile. (*Id*. at 4-6.)

## II. STANDARD OF REVIEW

In reviewing a motion brought under Rule 12(b)(6), the Court must accept the well-pleaded material allegations of the pleadings as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).   However, the pleadings must provide the grounds for Plaintiff's entitlement to relief and consist of more than "labels and conclusions."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The well pleaded factual allegations must show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Although the Court is required to give the pleadings of *pro se* litigants a liberal construction, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court cannot supply or assume facts that are not pled or create claims for a party that are not pled. *Bell v. Tennessee*, 2012 WL 996560 at *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000).

### III. ANALYSIS

After review of the parties' filings, the Court finds that Defendant's motion is properly granted as to Plaintiff's Title VII hostile workplace claim because the amended complaint simply fails to set forth sufficient factual allegations that would support this legal claim. However, the Court finds that Plaintiff has sufficiently pled an unlawful retaliation claim under Title VII, one that withstands the motion to dismiss and that should proceed for further development.

**A. Plaintiff's Response**

Plaintiff is proceeding *pro se* and has likely responded to the motion to dismiss as best possible as a non-attorney. Nonetheless, as Defendant correctly points out, Plaintiff's response

4

contains factual allegations, as well as claims, that are not set out in her amended complaint, which Defendant argues are not appropriately considered in reviewing the motion to dismiss.

In reviewing a motion to dismiss that seeks dismissal under Rule 12(b)(6), the Court is generally limited to determining the sufficiency of only what is contained in the pleadings, which is Plaintiff's amended complaint in this case. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483-84 (6th Cir. 2020); *Berry v. United States*, 832 F.3d 627, 637 (6th Cir. 2016); *Amick v. Ohio Dep't of Rehab. & Correction*, 521 F.App'x 354, 362 (6th Cir. 2013). Thus, the new and additional factual allegations that are made by Plaintiff in her response to the motion to dismiss simply cannot be considered by the Court in determining whether the amended complaint is sufficient to survive the motion to dismiss. *Bates*, *supra*; *Johnson v. Metro Gov't of Nashville & Davidson Cnty.*, 502 Fed.App'x 523, 542 (6th Cir. 2012) (In ruling on a motion to dismiss, "The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)"); *Laporte v. City of Nashville*, No. 3:18-CV-00282, 2019 WL 845413, at *3 (M.D. Tenn. Feb. 21, 2019) (Richardson, D.J.) ("Plaintiffs, throughout their response briefs, make allegations that are not in the complaint. The Court will not consider these additional allegations in deciding the instant motion to dismiss.").

Similarly, to the extent that Plaintiff argues about claims for sexual harassment or sexual discrimination, these claims are not a part of this action because they were not raised in Plaintiff's amended complaint, which specifically raised only claims of racial discrimination and retaliation. It is axiomatic that a party cannot assert new claims in its response to a motion to dismiss. *Fluker v. Ally Fin., Inc.*, 2025 WL 1827747, at *2 n.2 (6th Cir. July 2, 2025). Review of

5

Case 3:24-cv-00454    Document 22    Filed 08/20/25    Page 5 of 10 PageID #: 151

Plaintiff's claims is therefore limited to the two Title VII claims alleged in her amended complaint that were allowed by the Court to proceed after initial review, namely, (1) a claim of a racially hostile workplace and (2) a claim that she was suspended and terminated as retaliation. (Docket No. 7 at 3.)[3]

**B. Hostile Workplace Claim**

Encompassed within the protections afforded by Title VII is a protection against being subjected to a hostile workplace linked to race. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 405 (6th Cir. 2001). An unlawful hostile work environment occurs when a plaintiff's workplace is so permeated with discriminatory intimidation, ridicule and insult that it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). However, the Supreme Court has "made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Conduct that is "merely offensive" is insufficient to support a hostile work environment claim. *Harris*, 510 U.S. at 21. The "severe and pervasive" standard filters out complaints about "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, [discriminatory] jokes, and occasional teasing." *Faragher*, 524 U.S. at 788. Thus, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (quotation marks and citation omitted); *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 706 (6th Cir. 2007);

---

3 The Court also notes that to be actionable, any claim of discrimination on the basis of sex must have been exhausted at the administrative level by being raised as part of Plaintiff's

*Navarro-Teran v. Embraer Aircraft Maint. Servs., Inc.*, 184 F.Supp.3d 612, 623 (M.D. Tenn. 2016); *Eachus v. Haslam*, Civil No. 3:15-cv-944, 2016 WL 323675 at *7 (M.D. Tenn. Jan. 27, 2016) (Trauger, D. J.).

Additionally, the law draws a distinction between harassment and harassment that is based on a plaintiff's protected status. *Williams*, 643 F.3d at 511. Only incidents that occurred because of a plaintiff's race can support a claim of hostile work environment. *Id*. A hostile workplace claim cannot be predicated upon evidence of mere conflict, dissension, or turmoil in the workplace. There must be actual evidence of racial animus. *Arendale v. City of Memphis,* 519 F.3d 587, 605-06 (6th Cir. 2008). "[P]ersonal conflict does not equate with discriminatory animus."); *Barnett v. Dep't of Veterans Affairs,* 153 F.3d 338, 342–43 (6th Cir.1998), *cert. denied,* 525 U.S. 1106 (1999) (upholding a district court's determination that witness's statements describing how supervisor made it known that "he disliked the plaintiff and used her as the butt of office jokes, are consistent with personal dislike rather than discriminatory animus").

The Court finds that Plaintiff's allegations, even when viewed in the light most favorable to her as the non-moving party, are not sufficient to support a claim that she was subjected to an actionable racially hostile workplace claim. *First*, although Plaintiff generally alleges that she was subjected to harassment, bullying, and intimidation, these allegations are factually unspecific and fall short of alleging severe and pervasive conduct that permeated her workplace and changed the terms and conditions of her employment. *Second*, Plaintiff also provides only the barest of allegations showing how this alleged conduct was linked to her race. Although she alleges that she was subjected "to racist comment" by two co-workers, she fails to set out any

---

charge of discrimination prior to this lawsuit.

details surrounding the comment, fails to indicate the nature of the comment, and fails to indicate whether the comment was directed at her personally. While the making of any racist comment in the workplace is abhorrent, there is a relatively high bar for what amounts to actionable discriminatory conduct under a hostile work environment theory. *Phillips v. UAW Int'l*, 854 F.3d 323, 328 (6th Cir. 2017). Without more, the allegation of an isolate or occasional offensive utterance simply does not rise to the level required to create a racially hostile work environment. *Id*.[4]

**C. Retaliation Claim**

Title VII's anti-retaliation provision prohibits an employer from discriminating against an employee "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). An employee engages in protected activity when the employee opposes practices that the employee reasonably believes are in violation of the statute. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). The anti-retaliation provision protects an employee from materially adverse employment actions that are based on retaliation for engaging in the protected conduct. *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 775-76 (6th Cir. 2018).

The Court finds that Plaintiff's allegations in her amended complaint are sufficient to state an actionable claim of unlawful retaliation under Title VII. Plaintiff alleges that she complained about what she perceived to be racial hostility in her workplace and was thereafter

---

[4] In making this determination, the Court acknowledges that Plaintiff is not required to plead facts that satisfy the *prima facie* case requirement that is part of the *McDonnell Douglas* burden shifting analysis. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("it was error for the district court to require [plaintiff] to plead a *prima facie* case . . . in order to survive a motion to dismiss").

asked by the human resources department to "voluntarily part ways" with her employment, was suspended, and was ultimately terminated. These allegations, if accepted as true, are sufficient to support Plaintiff's claim that she suffered unlawful workplace retaliation that was linked to her protected activity of complaining about racial hostility in the workplace. She has alleged protected conduct, a materially adverse employment action, and a plausible causal link between the two. Whether or not Plaintiff can ultimately prove this claim is not at issue at this point. She has alleged enough for the claim to proceed to the next phase of the litigation.[5]

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss (Docket Entry No. 18) filed by defendant Centennial be: (i) **GRANTED** with respect to Plaintiff's Title VII hostile workplace claim and that this claim be **DISMISSED** and (ii) **DENIED** in all other respects.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155

_____

[5] The Court notes that engaging in protected activity under Title VII requires only that a plaintiff complain about employment acts that the plaintiff reasonably believes are unlawful. The reported act need not actually be an unlawful act to trigger Title VII's anti-retaliation protection. *Harrison v. Valley Packaging Corp.*, No. 1:20-CV-00004, 2022 WL 1038373, at *2 (M.D. Tenn. Apr. 6, 2022) (Campbell, D.J.) ("the reported act need not be actually unlawful to place Plaintiffs under the protection of Title VII").

9

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge