UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| LINDA TALIAFERRO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:24-cv-00454 |
| CENTENNIAL SURGICAL CLINIC, LLC, | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is a Report and Recommendation (R&R) from the Magistrate Judge, recommending that Defendant's Motion to Dismiss be granted as to Plaintiff's Title VII race-based hostile-work environment claim, but denied as to Plaintiff's retaliation claim. (Doc. No. 22). Ms. Taliaferro filed "objections" to the Magistrate Judge's recommendation that her race-based hostile work environment claim be dismissed. (Doc. No. 24). Centennial Surgical Clinic did not file objections to the Magistrate Judge's recommendation that its Motion to Dismiss be denied as to Ms. Taliaferro's Title VII retaliation claim.

The Court has reviewed the R&R and Ms. Taliaferro's objections. The Court agrees with the Magistrate Judge's analysis that Ms. Taliaferro has failed to plead a race-based hostile work environment claim. In the R&R, Judge Holmes carefully explained to Ms. Taliaferro the legal elements of a Title VII racial hostile work environment claim and why the paper-thin factual allegations in her Amended Complaint are insufficient to survive a Rule 12(b)(6) motion. In response, Ms. Taliaferro filed objections where she: (1) adds additional (and confusing) factual allegations; (2) argues that the Magistrate Judge should have considered her sex-based Title VII

hostile work environment claim; and (3) asserts the Magistrate Judge failed to consider her defamation claim. These objections (Doc. No. 24) are overruled.

First, as Judge Holmes already explained, Ms. Taliaferro cannot rely on factual allegations that were not made in the Amended Complaint to oppose Centennial Surgical Clinic's Motion to Dismiss. See Bates v. Green Farms Condo. Ass'n, 958 F.3d 470, 483 (6th Cir. 2020) ("If plaintiffs believe that they need to supplement their complaint with additional facts to withstand a motion … to dismiss, they have a readily available tool: a motion to amend the complaint under Rule 15…. Plaintiffs cannot [] amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint."). Ms. Taliaferro's factual allegations, as set forth in the Amended Complaint, consist in their entirety of the following:

> E. The facts of my case are as follows. Attach additional pages if needed.
> On March 20, 2023 I was hired as a medical Assistant, by HCA Centennial Head and Neck Surgery. During my time of employment I was subject to harassment including but not limited to racist comment by two employees, bullying and intimidating behavior towards me. After making complaints about these issues, I was Retaliated against. I was Asked by Human Resources to
>
> Page 4 of 6
>
> Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination
>
> Voluntarily part ways with the company, but I declined to do so. I was then suspended pending a decision of my employment. On August 25, 2023 I was notified by Tera, by phone that as of this day I was being terminated ~~due to~~ for making threats and name calling. I believe I have been discriminated and subjected to retaliation due to my race (African American) in violation of Title VII of the Civil Rights Act of 1964.

Doc. No. 6 at 4-5. These allegations are, insufficient to state a race-based hostile work environment claim. If Ms. Taliaferro has supplemental allegations that will support her claims, she must plead them in a complaint, not in an opposition brief or in objections to an R&R.

2

Second, Ms. Taliaferro never raised a sex-based Title VII claim in the Amended Complaint, so the Magistrate Judge properly refused to consider new sex-based allegations that were raised for the first time in an opposition brief. The box for gender discrimination on the form Amended Complaint is noticeably unchecked:

> D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
> - ☑ race _____
> - ☐ color _____
> - ☐ gender/sex _____
> - ☐ religion _____
> - ☐ national origin _____
> - ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
> - ☐ disability or perceived disability *(specify disability)*
>   _____

Doc. No. 6 at 4. The Amended Complaint is also devoid of any facts that would support a sex-based discrimination claim. Nothing in the Amended Complaint required Judge Holmes to consider a Title VII sex-based discrimination claim.

Finally, Ms. Taliaferro never pleaded a defamation claim. The Amended Complaint does not check "relevant state law" and identify a defamation claim, much less plead facts to support such a claim.

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- [x] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

    *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

    *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- [ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

    *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [ ] Other federal law *(specify the federal law)*:

- [ ] Relevant state law *(specify, if known)*:

- [ ] Relevant city or county law *(specify, if known)*:

Doc. No. 6 at 3. If Ms. Taliaferro believes she was defamed, she must file a pleading that has factual allegations that would support a defamation claim.

For the reasons, the Report and Recommendation (Doc. No. 22) is **ADOPTED**. Defendant's Motion to Dismiss (Doc. No. 18) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Title VII hostile-work environment claim is dismissed without prejudice; however, her retaliation claim survives.[1]

---

[1] Because Centennial Surgical Center did not object to the R&R, the Court will allow the retaliation claim to move forward.

4

Case 3:24-cv-00454    Document 25    Filed 09/09/25    Page 4 of 5 PageID #: 163

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE